IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BARRY E. LIVINGSTON | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv474 |
| BOARD OF PARDONS AND PAROLE, ET AL. | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Barry E. Livingston, an inmate currently confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

Plaintiff complains that the defendants have engaged in a conspiracy and discrimination concerning a civil lawsuit he filed in the Northern District of Texas. Additionally, plaintiff claims either parole and jail officials attempted to kill him when they revoked his release and confined him to segregation in the Tarrant County Jail.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims arose at the Tarrant County Jail in Fort Worth, Texas. Further, the defendants are employed at the Tarrant County Jail or with the Pardons and Paroles Office in Tarrant County. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Tarrant County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Tarrant County is in the Fort Worth Division of the Northern District of Texas. As Tarrant County is located in the Northern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Texas. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this   28   day of           September           , 2010.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE